**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Daniel Bradley Whirley,                                   Bky. Case No. 21-50083
                                                          Chapter 7

        Debtor.

---

## NOTICE OF SETTLEMENT OR COMPROMISE

---

To: The United States Trustee, all creditors and other parties in interest.

On **May 14, 2021** or as soon thereafter as the transaction may be completed, the undersigned Trustee of the estate of the Debtors named above will settle a controversy as follows:

The Debtor and the Trustee have reached an agreement relating to the Debtor's non-exempt assets where the Debtor will pay the Trustee $ 23,148.78 for the following disclosed assets:

|  | Scheduled | Settlement |
|---|---|---|
| 2009 Malibu Wakesetter LSV (non exempt equity) | 18,056.00 | 14,444.80 |
| 2000 MIDI Trailer | 500.00 | 400.00 |
| Bear Trailer | 400.00 | 320.00 |
| 2016 Polaris Ranger and 2001 Lund SSV20 boat (non exempt equity) | 6253.00 | 5002.40 |
| Miscellaneous sports equipment | 745.00 | 596.00 |
| Firearms and hunting equipment | 1344.50 | 1075.60 |
| Miscellaneous lawn equipment and tools | 475.00 | 380.00 |
| Ameritrade investment account | 598.00 | 598.00 |
| Computer Share investment account | 210.00 | 210.00 |
| Non exempt portion of bank accounts | 121.98 | 121.98 |
| Total | $28,703.48 | 23,148.78 |

The Debtor will pay the Trustee a total of $23,148.78 for the assets listed above, which represents a 20% discount to scheduled values on the non-cash items. Payment will be as follows: $10,000 by May 1, 2021 and final payment of $13,148.78 by June 1, 2021. In addition, the Debtor is turning over his portion of the Miltec Partners investment account ($49,803), and the non-exempt life insurance cash value (est. $19,606). In consideration of the above referenced payment, the Trustee on behalf of the bankruptcy estate will waive all claims against the Debtor's non-exempt assets disclosed in Schedules A/B and C of the Debtor's petition. Upon discovery of undisclosed assets, the Trustee shall be entitled to re-open the case to administer such assets. This agreement shall be governed by Minnesota law as modified by the Bankruptcy Code. If payment is not made or if this agreement is not approved by the bankruptcy court, the Trustee shall be entitled to reassert any and all claims.

**OBJECTION: MOTION: HEARING**. Under applicable rules, any objection must be in writing, be delivered to the trustee and the United States Trustee and be filed with the clerk, not later than 12:00 o'clock noon on the day before the above date. If any objection is made or an order is required, the trustee moves the court for such orders as may be necessary and appropriate. If an objection is timely delivered and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing. The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the U. S. Trustee.

| | | |
|---|---|---|
| Clerk of Court<br>United States Bankruptcy Court<br>404 U.S. Courthouse<br>515 W First Street<br>Duluth MN  55802 | United States Trustee<br>1015 U S Courthouse<br>300 So. 4th St.<br>Minneapolis, MN 55415 | Trustee<br>(See address below) |

Dated: April 23, 2021

/e/ Erik A. Ahlgren
Erik A. Ahlgren, Trustee
220 W Washington Ave, Ste 105
Fergus Falls, MN  56537
218-998-2775
trustee@prtel.com